Sᴉxᴛᴏ Pᴀʙᴏ́ɴ Rᴏᴅʀɪ́ɢᴜᴇᴢ y Jᴜʟɪᴀ Mᴀʀɢᴀʀɪᴛᴀ Dɪ́ᴀᴢ Lᴏ́ᴩᴇᴢ, *Ex PARTE*, peticionarios.

*Número:* AC-92-643          *Resuelto:* 9 de marzo de 1993

*Reina Colón de Rodríguez, Procuradora General Interina, Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo de Puerto Rico; *Carlos A. Piovanetti Rivera,* abogado de la peticionaria; *Frank R. Serrano,* abogado del recurrido.

Eʟ Jᴜᴇᴢ Aѕᴏᴄɪᴀᴅᴏ Sᴇ̃ɴᴏʀ Rᴇʙᴏʟʟᴏ Lᴏ́ᴩᴇᴢ emitió la opinión del Tribunal.

Las partes del epígrafe contrajeron matrimonio el día 8 de julio de 1989. No procrearon hijos. Mediante sentencia de fecha 17 de mayo de 1992 el Tribunal Superior de Puerto Rico, Sala de Caguas, decretó roto y disuelto el vín-

culo matrimonial existente hasta entonces entre las partes "por la causal ... de [c]onsentimiento [m]utuo". Alegato del recurrido, pág. 5. En dicha sentencia el foro de instancia aprobó una estipulación, debidamente firmada por las partes, referente la misma a la división de los bienes gananciales. Conforme la referida estipulación, y en lo pertinente al recurso ante nuestra consideración, la peticionaria Julia Margarita Díaz López acordó satisfacer a su ex esposo la suma mensual de $100, hasta un máximo de $7,000, en pago de la participación de éste en un bien inmueble perteneciente a la sociedad de gananciales hasta ese día existente.

Habiendo transcurrido varios meses desde la fecha de la sentencia sin que, alegadamente, la peticionaria Díaz López hubiere satisfecho la referida mensualidad, el ex esposo radicó una *moción de desacato* ante el foro de instancia, el cual señaló una vista para la discusión de la misma. Luego de que las partes argumentaran oralmente la cuestión, el foro de instancia *emitió resolución encontrando incursa en desacato civil a la peticionaria Díaz López*. Concluyó el referido foro que, independientemente del hecho de que en el caso no había reclamación alguna sobre alimentos de menores, o de otra índole, procedía encontrar incursa en desacato a la peticionaria Díaz López, por cuanto el

> ... caso que está ante nuestra consideración no es un caso ordinario .... El caso que nos ocupa es uno de Relaciones de Familia, y através [sic] de la historia de nuestro ordenamiento jurídico se ha establecido por nuestros tribunales que en los casos de Relaciones de Familia hay un gran interés del Estado. El mero hecho de que no esté envuelto los alimentos de menores no hace de este caso que no halla [sic] un interés público preeminente. Los casos de Relaciones de Familia son de extremo interés público .... Resolución de 13 de octubre de 1992, pág. 2.

Inconforme, la peticionaria Díaz López radicó un recurso de apelación ante este Tribunal en revisión de la re-

ferida resolución.(¹) El pasado 23 de diciembre de 1992, y considerando el recurso radicado como uno de *certiorari*, emitimos una orden concediéndole término, tanto al ex esposo de la mencionada peticionaria como a la Procuradora General de Puerto Rico, para que

> ... comparezcan a mostrar causa por la cual este Tribunal no deba expedir el auto solicitado y dictar Sentencia revocatoria de la "Resolución" que emitiera en el presente caso el Tribunal Superior de Puerto Rico, Sala de Caguas; ello en vista de lo resuelto por este Tribunal en *Díaz Aponte v. Comunidad San José, Inc.*, Opinión y Sentencia de 23 de junio de 1992, 92 J.T.S. 81. Resolución de 23 de diciembre de 1992.

Habiendo comparecido ambas partes,(²) y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

---

(¹) En el mencionado recurso, la peticionaria Díaz López le imputa al foro de instancia haber errado:

(a) "... al concluir que la co-peticionaria-apelante está incursa en desacato y se le ordena el pago de las mensualidades atrasadas hasta el día de hoy, sin hacer determinación alguna de c[uá]l es la suma atrasada y sin haberse presentado prueba testifical o evidencial sobre la alegada deuda o sobre la capacidad de ésta para cumplirla[;]

(b) "... al concluir que el incumplimiento de pagar $100.00 mensuales por la co-peticionaria-apelante hasta completar la suma de $7,000.00 para pagar la participación del otro co-peticionario sobre un bien inmueble conforme a una estipulación en un caso de divorcio donde no había hijos menores de edad constituye un desacato[;]

(c) "... al concluir que el presente caso está revestido de un interés público preeminente por tratarse únicamente de un caso de Relaciones de Familia[;]

(ch) "... al no hacer mención alguna a las disposiciones del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico que establece que nadie será encarcelado por deuda[, y]

(d) "... al imponer a la promovida la suma de $250.00 en concepto de honorarios de abogado, cuando dicha parte no ha actuado con tem[er]idad al hacer valer sus derechos."

(²) El recurrido Sixto Pabón Rodríguez sostiene en su comparencencia, que la actuación del tribunal de instancia fue correcta.

La Oficina del Procurador General de Puerto Rico, a pesar de que en la súplica de su comparecencia nos insta a resolver el recurso "conforme proceda en derecho", expresa la posición de que "consideradas las circunstancias del presente caso puede estimarse razonablemente que el desacato civil dista mucho de constituir un remedio apropiado y ajustado [en] derecho" (Escrito en cumplimiento de orden, págs. 5–6) en el presente caso.

# I

■ No está en controversia la facultad de los tribunales de justicia en nuestra jurisdicción para dictar órdenes de desacato. Como es sabido, reiteradamente hemos reconocido el poder inherente de los tribunales para proteger y hacer cumplir sus sentencias y para castigar la desobediencia, o resistencia contumaz, a sus órdenes y decretos a través del mecanismo del desacato. *Pueblo v. Santiago Lavandero*, 108 D.P.R. 647, 654 (1979); *Pueblo v. García Rivera*, 103 D.P.R. 547, 551 (1975); *De Torres v. Corte*, 58 D.P.R. 515, 525 (1941). Dicho poder inherente es uno que resulta indispensable para la adecuada, y ordenada, administración de la justicia y la protección de los derechos de la ciudadanía.

■ Ahora bien, dado el mandato constitucional, contenido en la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1, a los efectos de que nadie será encarcelado por deuda, resulta procedente enfatizar el hecho de que el poder inherente del desacato no siempre es procedente en relación con el cumplimiento de una deuda de naturaleza contractual y privada.

A esos fines, resulta pertinente lo expresado por este Tribunal en *Viajes Lesana, Inc. v. Saavedra*, 115 D.P.R. 703, 710 (1984), a los efectos de que:

La determinación de lo que constituye una "deuda" para los fines del Art. II, Sec. 11 de la Constitución, así como bajo el Art. 1811 del Código Civil, no es un ejercicio en puro razonamiento abstracto. La tabla de valores de la comunidad concernida es la que provee la clave. *Si una obligación privada tiene un carácter tan acentuado de deber social que lo segundo ahoga o sobrepasa lo primero, como en el caso de las pensiones alimenticias, la vía del apremio personal puede estar disponible.* Las *excepciones* a la norma general contraria a la prisión por deudas son *contadas*, tanto en el Derecho civil como el común. (Énfasis suplido.)

■ En fecha relativamente reciente, y al reafirmar la

decisión emitida en el caso de *Viajes Lesana, Inc. v. Saavedra*, ante, sostuvimos que, de ordinario, *no* procede la utilización del mecanismo correctivo del desacato civil con el propósito de obligar a satisfacer una suma de dinero a una parte cuando la obligación de así hacerlo surge de una controversia de naturaleza estrictamente privada. *Srio. D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. 782 (1992).

La controversia hoy ante nuestra consideración, aun cuando tiene su génesis dentro del amplio campo de las "relaciones de familia", es una de naturaleza contractual donde el interés que se pretende vindicar es de naturaleza estrictamente privada; contrario al caso de las pensiones alimenticias donde la obligación "nace de un deber legal matizado por un imperativo moral ...". (Énfasis suprimido.) *Srio. D.A.C.O. v. Comunidad San José, Inc.*, ante, pág. 809. Véase *Viajes Lesana, Inc. v. Saavedra*, ante.

Resulta claro, por otro lado, que el ex esposo recurrido no queda huérfano de remedios. El mismo tiene a su alcance los métodos ordinarios de ejecución de sentencia. Véase Regla 51 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III).

Por las razones expresadas, *procede la expedición del auto de "certiorari", y se dictará Sentencia revocatoria de la resolución, de fecha 13 de octubre de 1992, emitida por el Tribunal Superior de Puerto Rico, Sala de Caguas; devolviéndose el caso a dicho foro para procedimientos ulteriores compatibles con lo aquí expuesto.*

El Juez Asociado Señor Negrón García disintió mediante una opinión escrita, a la cual se unió el Juez Asociado Señor Hernández Denton. El Juez Asociado Señor Fuster Berlingeri disintió mediante una opinión escrita.

— O —

Opinión disidente del Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Hernández Denton.

La obligación aquí involucrada surge de la participación de Sixto Pabón Rodríguez en un bien inmueble, en virtud de la *estipulación* suscrita por su entonces esposa, Julia M. Díaz López, para obtener el divorcio por la causal de *consentimiento mutuo*. La estipulación es un requisito sine qua non de esa causal, de génesis jurisprudencial, confeccionada por los tribunales para atender y remediar los reclamos a nivel constitucional del derecho a la intimidad de los actores principales en los procesos de divorcio. *Figueroa Ferrer v. E.L.A.*, 107 D.P.R. 250 (1978).

La estipulación —la cual Pabón Rodríguez confió que se cumpliría— tiene las características peculiares de estar inextricablemente atada a esa causal, condicionada a la aprobación del tribunal y a formar parte de la sentencia. *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61 (1987). Su naturaleza reviste un alto grado de interés público y su cumplimiento, por imperativo, está sujeto al vital poder de desacato de los tribunales. Sólo así evitamos la devaluación de sentencias en estos casos y la proliferación de incidentes litigiosos análogos que empeoran el ya recargado sistema judicial.

*Srio. D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. 782 (1992), no es precedente aplicable, pues versa sobre un negocio estrictamente privado, de índole comercial, carente de ese interés público.

— O —

Opinión disidente del Juez Asociado Señor Fuster Berlingeri.

En *Srio. D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. 782 (1992), disentimos de la opinión y sentencia emitida por la mayoría, expresando entonces el criterio de que la Sec. 11 del Art. II de nuestra Constitución, L.P.R.A., Tomo 1, prohíbe el encarcelamiento por deuda *solamente en casos en los que el deudor no tiene recursos con qué atender sus obligaciones económicas.* Señalamos, además, que la mayoría no había realizado un examen cabal del historial de la referida cláusula constitucional y que, basándose únicamente en una lectura literal de esa cláusula, llegaba a un resultado desatinado.

Hoy queremos reiterar las expresiones anteriores, a la vez que advertimos que la decisión de la mayoría de continuar extendiendo su pronunciamiento en *Srio. D.A.C.O. v. Comunidad San José, Inc.*, supra, como lo hace en el caso de marras, constituye un grave error. En *Srio. D.A.C.O. v. Comunidad San José, Inc.*, supra, la mayoría privó al Departamento de Asuntos del Consumidor (*D.A.Co.*) de un medio eficaz de hacer valer la importante política pública de protección del consumidor que se supone impere en el país. Ahora, *por la mera aplicación mecánica de aquel precedente*, se priva a los foros judiciales de un medio eficaz de hacer valer sus decisiones en un campo de tanto interés público como es el de las relaciones de familia. Y así, poco a poco, se socava inexorablemente el mecanismo judicial del desacato civil, que es de fundamental importancia para mantener la legítima autoridad de la Rama Judicial. Como señaláramos en *Srio. D.A.C.O. v. Comunidad San José, Inc.*, supra, no cabe atribuir tales dislates a un supuesto mandato de nuestra Constitución. Volvemos a expresar nuestro vehemente disenso.