MYRTELINA SOTO LÓPEZ, demandante y recurrente, *v.* FLORENTINO COLÓN MELÉNDEZ, demandado y recurrido.

*Número:* CC-97-153 *Resuelto:* 22 de mayo de 1997

284

*Andrés Díaz Nieves,* abogado de la parte recurrente; *Jaime Roque Colón,* abogado de la parte recurrida.

El Juez Asociado Señor Fuster Berlingeri emitió la opinión del Tribunal.

(Regla 50)

## I

Tenemos la oportunidad de aclarar los derechos que tienen los ex cónyuges respecto del caudal común, una vez disuelta su sociedad de gananciales que antes tenían cons-

tituida, pero sin que se hubiesen liquidado los bienes gananciales. Específicamente, debemos resolver si a una petición de fondos hecha por una ex cónyuge, que no tiene acceso a los bienes comunes, le son aplicables las normas sobre alimentos entre ex cónyuges o las disposiciones de ley sobre la copropiedad.

## II

La recurrente y el recurrido, luego de establecer un negocio de cafetería, contrajeron matrimonio. Éste duró aproximadamente catorce años. Estando casados, adquirieron una casa de vivienda y otro inmueble que se dedicó, en parte, al alquiler de unidades comerciales y de residencia. En un momento dado, el negocio de la cafetería llegó a producir ingresos brutos de $5,000 semanales, y el de alquiler $4,000 mensuales.

Durante los últimos dos años de casados, los esposos vivieron separadamente. A partir de dicha separación, y hasta ahora, el recurrido ha tenido el control absoluto de los bienes de la referida sociedad conyugal, incluyendo el negocio común.[1] Durante parte del tiempo que duró la separación, el recurrido le remitía a su esposa una mensualidad de $1,200, y otros $750 provenientes del alquiler de la vivienda que poseían en común. Eventualmente, el recurrido dejó de enviar las mensualidades referidas, en parte porque la vivienda alquilada se había desocupado.

Luego de que la recurrente presentara su demanda de divorcio el 12 de febrero de 1996, el Tribunal de Primera Instancia le fijó una pensión *pendente lite* de $1,200 mensuales. Una vez decretado el divorcio, por la causal de trato cruel, dicho foro determinó que como la recurrente no tenía necesidad económica, no procedía ordenarle al recurrido el pago de una pensión a su ex esposa. Razonó el foro

---

[1] La pareja cuenta con un socio, dueño de una tercera parte de la cafetería.

de instancia que en vista de que el monto de los bienes gananciales sobrepasaba los quinientos mil dólares ($500,000), la recurrente no tenía necesidad de pensión alguna, pues era dueña de la mitad del caudal común, cuya división aún no se ha efectuado. Resolvió que en su caso no existía el requisito de "necesidad económica", del cual depende el pago de la pensión entre ex cónyuges contemplado en el Art. 109 del Código Civil, 31 L.P.R.A. sec. 385. De este modo, el 16 de octubre de 1996, el foro a quo denegó la solicitud que había hecho la recurrente, de una pensión alimentaria de $1,200 mensuales.([2])

El Tribunal de Circuito de Apelaciones desestimó la apelación presentada por la recurrente. Se basó para ello en razones similares a las que tuvo el tribunal de instancia para sostener su dictamen. Resolvió el foro apelativo que la recurrente no tenía derecho a alimentos al amparo del Art. 109 del Código Civil, *supra*, porque ésta no estaba carente de bienes suficientes para su adecuado sostén. Indicó, además, que lo procedente era que la recurrente solicitase la división de los bienes de la sociedad de gananciales, con lo cual —de ser ello necesario— tendría entonces "derecho a recibir anticipos para alimentos con cargo a su participación en el haber ganancial en liquidación". Explicó, en su Sentencia de 11 de febrero de 1997, que anteriormente este Tribunal había hecho extensivo a los divorciados el Art. 1325 del Código Civil, 31 L.P.R.A. sec. 3700, que trata sobre los derechos de la viuda. *Janer Vilá v. Tribunal Superior*, 90 D.P.R. 281, 301 (1964); *Pérez v. Tribunal de Distrito*, 69 D.P.R. 4, 21–22 (1948). Este artículo dispone lo siguiente:

De la masa común de bienes se darán alimentos al cónyuge superviviente y a sus hijos mientras se haga la liquidación del caudal inventariado y hasta que se les entregue su haber; pero

---

([2]) Otro fundamento alterno, esbozado por instancia, fue que no se demostró que la demandante estuviese imposibilitada para trabajar.

se les rebajarán de éste, en la parte en que excedan de lo que les hubiese correspondido por razón de frutos o rentas. 31 L.P.R.A. sec. 3700.

De la referida determinación del Tribunal de Circuito de Apelaciones, la recurrente vino ante nos el 31 de marzo de 1997. Planteó, como error, que dicho foro hubiese resuelto que ella no tenía derecho a una pensión alimentaria bajo los Arts. 109 y 1325 del Código Civil, *supra*. También compareció el recurrido, mediante un escrito en oposición, a que se expidiese el recurso de *certiorari* solicitado por la recurrente.

Pasamos a resolver, bajo la autoridad que nos concede la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

### III

Para resolver la cuestión ante nos es menester tener en cuenta, de entrada, la diferencia que existe entre la sociedad de bienes gananciales y la comunidad de bienes que surge una vez se decreta el divorcio. Mientras existe la sociedad de gananciales, ambos cónyuges son coadministradores de ésta, y si alguno ejerce la administración exclusiva precisa del mandato expreso del otro. Arts. 91 y 93 del Código Civil, 31 L.P.R.A. secs. 284 y 286, respectivamente. *WRC Props., Inc. v. Santana*, 116 D.P.R. 127, 136 (1985). Sin embargo, una vez se decreta el divorcio, se extingue la sociedad de gananciales y nace una comunidad de bienes, de la cual los ex cónyuges son comuneros. *Calvo Mangas v. Aragonés Jiménez*, 115 D.P.R. 219, 228 (1984). Puig Brutau lo resume de la manera siguiente:

> Disuelta la sociedad, sus titulares son partícipes en una comunidad ordinaria. Aunque el estado de indivisión se prolongue, se tratará en todo caso de una masa en liquidación. Esta nueva comunidad ya no se halla regida por las normas de la

sociedad de gananciales que hasta entonces se aplicaban a los bienes de los cónyuges.([3])

■ La comunidad de bienes, que así surge, se rige por las normas referentes a la copropiedad. Art. 326 del Código Civil, 31 L.P.R.A sec. 1271; *Calvo Mangas v. Aragonés Jiménez,* supra, pág. 228.

■ El concepto "alimentos" no es afín al régimen aludido de la comunidad de bienes. Los alimentos entre ex cónyuges tienen su fundamento en el deber jurídico que establece el Art. 109 del Código Civil, *supra,* de prestarse éstos mutuo socorro cuando no cuenten con medios suficientes para vivir.([4]) Como se sabe, la obtención de tales alimentos está supeditada a la existencia de una situación de necesidad económica. *Toppel v. Toppel,* 114 D.P.R. 16 (1983). Por el contrario, la participación de los comuneros en la administración y disfrute de los bienes de la comunidad es un derecho propio, *y para hacerlo valer no hay que demostrar necesidad alguna.* Arts. 327, 328 y 333 del Código Civil, 31 L.P.R.A. secs. 1272, 1273 y 1278, respectivamente. Se trata, pues, de dos figuras jurídicas distintas. Es por ello que, en lo referente a la administración y disfrute de la recién formada comunidad de bienes que existe entre la recurrente y el recurrido, resulta improcedente aplicar criterios establecidos para regular las relaciones alimentante-alimentista. Las relaciones entre éstos se regulan por las normas relativas a los condueños de una propiedad.

---

([3]) J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1967, T. IV, Vol. 1, pág. 784.

([4]) En lo pertinente, el Art. 109 del Código Civil, según enmendado por la Ley Núm. 25 de 16 de febrero de 1995 (31 L.P.R.A. sec. 385), dispone, en lo pertinente, lo siguiente:

"Si decretado el divorcio por cualesquiera de las causales que establece [el Art. 96 de este código], cualesquiera de los ex cónyuges no cuenta *con suficientes medios para vivir*, el Tribunal [Superior] podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge." (Énfasis suplido.) Véanse: *Díaz v. Alcalá*, 140 D.P.R. 959 (1996); *Milán Rodríguez v. Muñoz*, 110 D.P.R. 610 (1981).

█ Durante la existencia de la comunidad de bienes, ninguno de los ex cónyuges puede tener el monopolio de ella. Existen varios artículos en el Código Civil que así lo disponen. En primer lugar, el Art. 328 del Código Civil, *supra*, establece que:

> Cada partícipe podrá servirse de las cosas comunes, siempre que disponga de ellas conforme a su destino y de manera que no perjudique el interés de la comunidad, *ni impida a los copartícipes utilizarlas según su derecho.* (Énfasis suplido.)

Al efecto, Puig Brutau explica que el uso de la cosa común no puede efectuarse en perjuicio de los demás condueños. J. Puig Brutau, *Fundamentos de Derecho Civil*, 3ra ed., Barcelona, Ed. Bosch, 1979, T. III, Vol. II, pág. 25. Véanse, también: J. Castán Tobeñas, *Derecho Civil español, común y foral*, 14ta ed., Madrid, Ed. Reus, 1992, T. 2, Vol. 1, pág. 523–524; J. Santos Briz, *Derecho Civil: Teoría y Práctica*, Madrid, Ed. Rev. Der. Privado, 1973, T. II, págs. 323 y 325; F. Puig Peña, *Compendio de Derecho Civil Español*, 3ra ed. rev., Madrid, Ed. Pirámide, 1976, T. II, págs. 340–342. Santos Briz aclara que "[u]sar las cosas de manera que perjudica al interés de la comunidad es, desde luego, que uno de los condóminos la posea toda ella excluyendo a los demás". Santos Briz, *op. cit.*, pág. 323 esc. 9. Este autor también explica que la facultad de todos los condueños de gozar y servirse de la cosa común

> ... no puede ejercitarse en perjuicio de los restantes comuneros, colectiva e individualmente considerados, porque el interés legalmente tutelado que regula dicha figura jurídica es distinto y superior al de cada una de las voluntades particulares de que se compone, y origina el nacimiento de una titularidad eficientemente subjetivada .... Por lo tanto, el condómino que ocupe la mayor parte de la cosa común ha de devolverla a la masa común para el disfrute de sus copartícipes y el suyo propio, en la proporción que le corresponda .... Íd., pág. 324.

█ En segundo lugar, el Art. 327 de dicho código, *supra*, establece el criterio de la proporcionalidad con respecto a las cargas y los beneficios:

El concurso de los partícipes, *tanto en los beneficios como en las cargas*, será proporcionado a sus respectivas cuotas.

Se presumirán iguales, mientras no se pruebe lo contrario, las porciones correspondientes a los partícipes en la comunidad. (Énfasis suplido.)(⁵)

■ Además, con respecto a las decisiones que afecten a la administración de la comunidad, el Código Civil establece en su Art. 332 (31 L.P.R.A. sec. 1277) el sistema de mayorías:

*Para la administración y mejor disfrute de la cosa común serán obligatorios los acuerdos de la mayoría de los partícipes.*

No habrá mayoría sino cuando del acuerdo esté tomado por los partícipes que representen la mayor cantidad de los intereses que constituyan el objeto de la comunidad.

*Si no resultare mayoría, o el acuerdo deést[a] fuere gravemente perjudicial a los interesados en la cosa común, el Tribunal Superior proveerá, a instancia de parte, lo que corresponda,* incluso nombrar un administrador. (Énfasis suplido.)(⁶)

■ Por último, el Art. 333 del Código Civil, *supra*, en su parte pertinente a nos, expresa que:

*Todo condueño tendrá la plena propiedad de su parte y la de los frutos y utilidades que le correspondan,* pudiendo en su consecuencia enajenarla, cederla o hipotecarla, y aun sustituir otro en su aprovechamiento y darla en arrendamiento, salvo si se tratare de derechos personales .... (Énfasis suplido.)

A la luz de este trasfondo jurídico, examinemos la situación ante nos.

---

(⁵) Véanse: J. Castán Tobeñas, *Derecho Civil español, común y Foral*, 14ta ed., Madrid, Ed. Reus, 1992, T. 2, Vol. I, pág. 524; J. Santos Briz, *Derecho Civil: Teoría y Práctica*, Madrid, Ed. Rev. Der. Privado, 1973, T. II, pág. 323; F. Puig Peña, *Compendio de Derecho Civil Español*, 3ra ed. rev., Madrid, Ed. Pirámide, 1976, T. II, págs. 343–345.

(⁶) Tanto Castán Tobeñas, *op. cit.*, pág. 529, como Puig Brutau, *op. cit.*, Vol. III, pág. 27, aclaran, en lo referente a la intervención del tribunal, que es una solución justa, pero que podría acarrear problemas por la vaguedad del artículo respecto del concepto "gravemente perjudicial". Sin embargo, en el caso de autos se presenta una situación que cumple con tal requisito y amerita la intervención judicial.

## IV

En el caso de autos, tenemos esencialmente una situación en la que el recurrido actúa como administrador de facto de la comunidad de bienes que tiene con su ex esposa; mantiene el control y uso de dicha comunidad absolutamente, y —en efecto— le niega a la recurrente el derecho al disfrute de dicha propiedad que, como comunera, tiene. ˑ

 La recurrente erróneamente reclamó una pensión alimentaria de ex cónyuge en su demanda. Como no cumplió con la condición de acreditar necesidad, ésta le fue negada por los tribunales inferiores. Tal acción judicial fue conceptualmente correcta, pero fue incompleta. Dichos foros debieron ir más lejos. Debieron determinar que la recurrente tenía derecho a la mensualidad reclamada. Reiteradamente hemos resuelto que los tribunales deben conceder lo que en derecho proceda, aunque ello no haya sido perfectamente solicitado. Los foros judiciales debemos hacer todo lo que esté a nuestro alcance para que los casos se fallen en sus méritos. *Morales Mejías v. Met. Pack. & Ware. Co.*, 86 D.P.R. 3 (1962); *Dávila v. Valdejully*, 84 D.P.R. 101 (1961). No se debe desestimar una acción judicial salvo que, a la luz de todos los hechos expuestos, el reclamante carezca de derecho a remedio alguno. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 D.P.R. 497 (1994); *Unisys v. Ramallo Brothers*, 128 D.P.R. 842 (1991); *Romero Arroyo v. E.L.A.*, 127 D.P.R. 724, 737–738 (1991); *Granados v. Rodríguez Estrada I*, 124 D.P.R. 1, 48 (1989).

Para los únicos efectos de la concesión de alimentos, la demandante nunca ha tenido la requerida necesidad, por lo que la pensión de ex cónyuge no procedía. Sin embargo, aunque no tuviese derecho a tales alimentos, sí tiene un derecho superior, como comunera, entre otras cosas, a que su ex cónyuge le pague una suma líquida específica

periódica.([7]) Ello se desprende claramente de los hechos alegados por la recurrente, que fueron determinados como los hechos del caso tanto por el foro de instancia como por el apelativo. Por ende, como lo que la recurrente realmente interesa es tener acceso a una suma líquida específica periódica de la comunidad que le permita alimentarse, tiene derecho a ello sin tener que pedir el ejercicio de la coadministración de los bienes comunes, aunque no haya solicitado aún la liquidación de dichos bienes.

Si con el pago de la suma que razonablemente reclama la recurrente para su adecuado sostén se excede la cantidad a la que por frutos ella tiene derecho en calidad de comunera, se procederá eventualmente a descontar dicho exceso, de lo que en su día recibirá al efectuarse la partición.([8])

En resumen, no son alimentos a lo que la recurrente tiene derecho, sino al disfrute de los bienes comunes que actualmente están siendo controlados y utilizados exclusivamente por el copropietario. Tal disfrute incluye los anticipos razonablemente solicitados por la recurrente. En vista a lo anterior, *se expedirá el recurso y se dictará sentencia para revocar el dictamen del foro apelativo y para ordenar que se satisfaga la mensualidad de $1,200 solicitada por la recurrente, que el recurrido deberá abonar cada mes, mientras subsista la comunidad de bienes.*

El Juez Asociado Señor Rebollo López no intervino.

---

([7]) Algunas de las otras opciones que tiene son: pedir que se nombre un administrador judicial (Art. 332 del Código Civil, 31 L .P.R.A. sec. 1277); instar una acción para que se le reconozca el derecho a ejercer la coadministración de los bienes de la sociedad o de parte de ellos, o incluso, según señala Santos Briz, *op. cit.*, pág. 325, a acciones de desahucio y reivindicatoria.

([8]) Esto no es óbice para que, si en algún momento los comuneros estiman que dicha suma no es la que se ajusta a su participación en la comunidad, o que algún otro remedio es el idóneo, puedan solicitar dicho remedio en el foro de instancia. La presente determinación está sujeta a ser modificada si la situación fáctica así lo amerita.