Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| JOAN YOLANDA PIZARRO SERRANO<br><br>Peticionaria<br><br>ANÍBAL BATISTA MÁRQUEZ<br><br>Recurrido<br><br>EX PARTE | KLCE202300576 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>K DI2004-0531<br>(Sala: 708)<br><br>Sobre:<br>Divorcio |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece mediante el recurso de *certiorari*, Joan Pizarro Serrano (peticionaria), quien solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia. Mediante dicha determinación el foro de instancia dictó la liquidación de la comunidad de bienes habida entre Joan Pizarro Serrano y Aníbal Batista Márquez. Entre los asuntos atendidos, el Tribunal de Primera Instancia concluyó que, conforme a las estipulaciones otorgadas al momento del divorcio, la peticionaria no tiene derecho al crédito por el pago de la hipoteca que gravó la propiedad perteneciente a la comunidad de bienes. El Tribunal razonó que, como parte de las estipulaciones del divorcio incorporadas en una sentencia de divorcio final y firme, la peticionaria había renunciado a dicho crédito. Por los fundamentos a continuación denegamos la expedición del recurso.

El 24 de mayo de 2022, Aníbal Batista Márquez presentó una moción de ejecución de sentencia para liquidar la comunidad de bienes existente entre estos. El Tribunal de Primera Instancia fijó la celebración de una vista para el 15 de julio de 2022, a la cual la peticionaria no compareció. Allí el foro primario recibió prueba sobre créditos y deudas a los que tenía derecho Batista Márquez. Tras la celebración de esta vista, la peticionaria compareció por derecho propio y alegó que no se le habían notificado las mociones por lo cual solicitó que la vista celebrada sin su presencia quedara sin efecto. El Tribunal de Primera Instancia concedió un término de quince (15) días para que la peticionara replicara a los escritos de Batista Márquez.

Posteriormente se celebró la vista, en la que la peticionaria argumentó que tenía derecho al crédito por los pagos de la hipoteca que sufragó desde el divorcio hasta su eventual saldo total. El Tribunal de Primera Instancia resolvió que, de acuerdo con las estipulaciones del divorcio, la peticionaria asumió el pago de la hipoteca, por lo que no procedían los créditos solicitados. Por consiguiente, ordenó la liquidación de la comunidad de bienes post gananciales.

Inconforme, la peticionaria presentó el recurso de epígrafe en el que señaló una serie de errores. En primer lugar, adujo que hubo falta de notificación de la moción que originó este caso lo cual afectó su debido proceso de ley. Segundo, sostuvo que el foro de primera instancia no le permitió contrainterrogar la prueba y presentar prueba a su favor. Tercero, alegó que el Tribunal de Primera Instancia ignoró los créditos a los que tiene derecho. Cuarto, expresó que erró el foro primario al concluir que había renunciado al crédito por el pago de la hipoteca y que dicha conclusión provocó un enriquecimiento injusto a

favor de Batista Márquez. Finalmente, argumentó que no procedía la imposición de honorarios de abogado puesto que no actuó temerariamente.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, regula la expedición del recurso de *certiorari* sobre órdenes y resoluciones dictadas por el Tribunal de Primera Instancia. Los criterios que permiten la expedición de un *certiorari* no se encuentran presentes en el caso de epígrafe. En primer lugar, procede la expedición cuando se revisa una orden de carácter dispositivo o resolución según las Reglas 56 y 57. En este caso no estamos ante ninguno de estos escenarios. Sin embargo, por excepción, son revisables los casos en que se constituye un fracaso irremediable de la justicia. De igual manera, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece que el foro intermedio ejercerá su discreción si al expedir se evitaría un fracaso de la justicia. Por los fundamentos a continuación, estimamos que este caso no nos encontramos ante un fracaso irremediable de la justicia.

Según definido por el Tribunal Supremo, el fracaso irremediable de la justicia ocurre cuando la disposición afecta sustancialmente el resultado del pleito o tiene efectos limitativos para la defensa o reclamación de una parte, o conlleva cuestiones neurálgicas o de política pública que deban estar sujetas a revisión inmediata. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163 (2020). Por tanto, procede la revisión si se demuestra un abuso de discreción, que el foro primario actuó prejuiciado, que se equivocó en la interpretación o aplicación del derecho y que la intervención del tribunal revisor evitaría un perjuicio

sustancial. *Job Connection Center v. Sups. Econo*, 185 DPR 585 (2012).

A partir de una sentencia de divorcio, se genera una comunidad de bienes post ganancial en la que se presume la igual aportación de los comuneros. *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022). Sin embargo, la parte que haya aportado demás tiene derecho a reclamar crédito por la contribución desigual. Durante la vigencia de la comunidad de bienes ningún comunero puede tener el monopolio de la propiedad. *López v. Meléndez*, 143 DPR 282 (1997). El goce exclusivo de uno de los comuneros afecta el derecho de disfrute que tiene el otro comunero sobre los bienes que a pertenecen a estos. *Id.* Dicha comunidad de bienes se rige por el pacto, si alguno, al que hayan consentido los comuneros. *Díaz Rodríguez v. García Neris*, supra. Así, cuando nos encontramos ante un contrato de transacción procede la interpretación restrictiva de sus cláusulas. 31 LPRA sec. 10643, *Ex parte Negrón Rivera y Bonilla*, 120 DPR 61 (1987). A pesar de que procede la interpretación restrictiva, entiéndase el sentido literal de las palabras dispuestas, ello no significa que se entiendan incluidas cuestiones que razonablemente fueron anticipadas. *Cáez v. United States Casualty Company*, 80 DPR 754 (1958).

La estipulación aquí en controversia dispuso que: "Ninguna de las partes podrá reclamar crédito alguno por motivo de cualquier mejora que le haga a la casa ni gravar la misma sin el consentimiento de la otra parte. Mientas no se venda la propiedad, la Sra. Pizarro continuará amortizando la hipoteca." Conforme a la lectura de esta cláusula y a la normativa antes descrita, la interpretación del Tribunal de Primera Instancia sobre la estipulación del divorcio no resulta irrazonable.

Particularmente, no es irracional concluir que, debido a que Batista Márquez no gozaría del derecho al uso de su propiedad, la estipulación en controversia hubiese supuesto una transacción de la peticionaria renunciando al crédito solicitado. Ello desde luego no constituye una determinación de que haya sido así, sino solo enuncia alguna de las consideraciones que revela que la adjudicación no desborda el marco de razonabilidad que justifique expedir el *certiorari* solicitado.

Respecto al señalamiento de error sobre la falta de debido proceso de ley, la Regla 51.1 de Procedimiento Civil, supra, rige el proceso de ejecución de sentencia. De ordinario una sentencia puede ser ejecutada dentro de cinco (5) años a partir de que esta es firme. Una vez expirado dicho término, "la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte y previa notificación a todas las partes". *Id*. En este caso, a pesar de que la peticionaria señala que dicha notificación fue defectuosa, el foro de primera instancia brindó espacio adecuado para que esta replicara. Además, celebró una vista en la que las partes tuvieron oportunidad para presentar prueba a su favor. Sin embargo, la peticionaria no presentó prueba.

Finalmente, la Regla 44 de Procedimiento Civil, supra, que rige la imposición de honorarios de abogado por temeridad dispone que esta imposición descansa en la discreción del tribunal. Declinamos intervenir con la amplia discreción que se le reconoce al Tribunal de Primera Instancia. No advertimos que el foro primario haya abusado de su discreción al imponer dicha sanción. Por consiguiente, ausente el abuso de discreción y el fracaso irremediable de la justicia, denegamos expedir el recurso de *certiorari* ante nuestra consideración.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones