ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| ZULEIKA RIVERA CRUZ<br><br>Apelada<br><br><br>v.<br><br><br>GERMÁN HERNÁNDEZ VÁZQUEZ<br><br>Apelante | KLAN202500416 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2023CV02005<br><br>Sobre: Liquidación de Comunidad de Bienes Gananciales |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 19 de agosto de 2025.

Comparece el señor German Hernández Vázquez ("Sr. Hernández" o "Apelante") y solicita que revoquemos la Sentencia emitida el 24 de febrero de 2025[2] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("foro de instancia" o "foro recurrido"). En esa ocasión, el foro de instancia dictó sentencia declarando la división de la comunidad de bienes. Además, le reconoció un crédito de $55,566.00 a la señora Zuleika Rivera Cruz ("Sra. Rivera" o "Apelada") por concepto de la participación de la Sra. Rivera en los bienes muebles de la extinta comunidad de bienes gananciales y por concepto de renta hasta febrero de 2025.

---

[1] Mediante la Orden Administrativa DJ-2024-062C del 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.
[2] Notificada el 25 de febrero de 2025.

Por los fundamentos que exponemos a continuación, se **confirma** en parte la Sentencia apelada y se **devuelve** al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

-I-

A continuación, exponemos los hechos pertinentes a la controversia de autos.

Las partes de epígrafe contrajeron matrimonio el 5 de julio de 2011 bajo el régimen de Sociedad Legal de Bienes Gananciales. El 11 de julio de 2023[3] el Tribunal de Primera Instancia, Sala Superior de Aibonito emitió una Sentencia de divorcio disolviendo el matrimonio[4]. Durante la vigencia del matrimonio, las partes adquirieron múltiples bienes, los cuales interesan liquidar.

El 14 de noviembre de 2023, la Sra. Rivera presentó una *Demanda*[5]. En esa ocasión, la Apelada solicitó lo siguiente: 1). El pago de renta por el uso exclusivo de la propiedad ganancial en el Bo. Parguera en Lajas; 2). Liquidación y adjudicación del caudal post ganancial y de los bienes comunes o créditos y 3). $5,000.00 por concepto de honorarios de abogado a ser pagados por el Sr. Hernández más las costas y gastos del litigio. Oportunamente, el 10 de enero de 2024, el Apelante presentó una *Moción en Contestación a Demanda*[6] en la que también incluyó una Reconvención. Como parte del descubrimiento de prueba, el 11 de marzo de 2024, la Sra. Rivera le cursó al Sr. Hernández un Requerimiento de

---

[3] Notificada el 19 de julio de 2023.
[4] Caso Núm. AI2023RF00110. Véase Entrada #14 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Véase Apéndice del recurso apelativo, págs. 16-19.
[6] *Íd.*, a las págs. 20-23.

Admisiones[7] el cual no fue contestado dentro del término provisto por las Reglas de Procedimiento Civil, por lo cual se dio por admitido.[8] Cabe señalar que la parte Apelada utilizó otros mecanismos de descubrimiento de prueba, con los cuales el Apelante incumplió. Es importante señalar que, debido a los reiterados incumplimientos por la parte apelante, el foro recurrido le anotó la rebeldía.

El 18 de octubre de 2024, el foro recurrido emitió una *Orden*[9] en la que le prohibió al Apelante disponer de cualquier bien en controversia. Luego de múltiples trámites procesales, el 9 de enero de 2025, se celebró el juicio en su fondo. Como parte de la prueba, la Apelada presentó la tasación[10] de la propiedad ubicada en Lajas con un valor de $355,000.00. Sobre dicha prueba documental, el foro de instancia indicó que la Sra. Rivera logró satisfacer las exigencias de autenticación mediante testimonio.[11] Por otra parte, también se pasó prueba sobre los bienes muebles, a saber, múltiples vehículos que las partes adquirieron durante la vigencia de la Sociedad Legal de Gananciales. Con relación a estos bienes, la Apelada solicitó un crédito basado en la cantidad que pagó por los vehículos al momento de adquirirlos.[12]

Así las cosas, el 24 de febrero de 2025, el foro de instancia emitió una Sentencia en la cual el foro recurrido le dio credibilidad al testimonio de la parte Apelada y le concedió un crédito por los bienes

---

[7] Véase Apéndice del Alegato en Oposición, pág. 3.
[8] *Íd.*, pág. 19.
[9] *Íd.*, pág. 42.
[10] Véase Apéndice del recurso apelativo, págs. 55-85.
[11] Véase transcripción del juicio en su fondo celebrado el 9 de enero de 2025, pág. 38.
[12] *Íd.*, págs. 81-109.

gananciales y renta por el uso exclusivo de la propiedad ganancial hasta febrero de 2025. Inconforme, el Apelante presentó una *Solicitud de Reconsideración*[13] a la que la parte apelada se opuso[14]. El 9 de abril de 2025, el foro de instancia emitió una *Orden*[15] declarando *No Ha Lugar* la moción de reconsideración. Inconforme aún con la determinación, el Sr. Hernández acudió ante nos el 9 de mayo de 2025 mediante recurso de apelación e hizo los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA SALA DE MAYAGÜEZ AL DECLARAR CON LUGAR LA ADMISIBILIDAD DE PRUEBA DOCUMENTAL A TODAS LUCES INADMISIBLE Y ANTE LA OBJECIÓN OPORTUNA DE LA PARTE APELANTE.**

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA SALA DE MAYAGÜEZ AL ESTABLECER COMO DETERMINACIONES DE HECHOS EL CONTENIDO DE PRUEBA DOCUMENTAL, OBJETADA SU ADMISIBILIDAD POR LA PARTE APELANTE, ASUNTO QUE TUVO COMO CONSECUENCIA ESTABLECER UNA SERIE DE CRÉDITOS INJUSTAMENTE EN CONTRA DE LA PARTE APELANTE.**

-II-

A. <u>Comunidad Post-Ganancial</u>

La Sociedad Legal de Bienes Gananciales es el régimen económico que gobierna el matrimonio de manera supletoria a falta de capitulaciones válidas. Bajo dicho régimen se consideran bienes gananciales "*los adquiridos a título oneroso y a costa del caudal común, bien sea la adquisición para la sociedad conyugal, para el disfrute y provecho de los miembros de la familia o para uno solo [sic] de los cónyuges […]*"[16].

Con la disolución del matrimonio, se extingue la Sociedad Legal de Bienes Gananciales y nace una comunidad de bienes que incluirá todos los bienes del haber

---

[13] Véase Apéndice del recurso apelativo, págs.11-14.
[14] Véase Apéndice del Alegato en Oposición, págs. 60-67.
[15] Véase Apéndice del recurso apelativo, pág. 15.
[16] Véase Artículo 513 del Código Civil, 31 LPRA § 6965.

ganancial. En ella cada excónyuge posee una cuota que le dará derecho a intervenir en la administración de la comunidad post ganancial. Dicha comunidad existirá hasta que se liquide o divida[17]. La comunidad post ganancial se regirá por las normas establecidas en el Código Civil relacionadas a la comunidad de bienes[18].

Los excónyuges pueden administrar la comunidad y solicitar su división, ya que ninguno está obligado a permanecer en comunidad[19]. En caso de que uno de los excónyuges solicite la división se procede a liquidar los bienes que pertenecían a la sociedad legal de gananciales y, por ende, la comunidad post ganancial se disuelve.

Mientras exista la comunidad de bienes, ninguno de los excónyuges puede tener su monopolio. Cuando uno de los comuneros mantenga el control absoluto de los bienes de la comunidad, el otro comunero tendrá derecho a que se le pague una suma líquida, específica y periódica[20]. Un comunero no puede usar o disfrutar de manera exclusiva un bien común sin pagar al otro comunero, ello es contrario a los principios elementales de derecho, basados en la equidad y los cuales impiden el enriquecimiento injusto[21]. El comunero que alegue "*haber sido excluido de su participación en la comunidad deberá identificar un acto obstativo que suponga tal exclusión o un requerimiento afirmativo del comunero que alega ser excluido*"[22].

---

[17] *Island* Holdings *v. Sucn. Hernández Ramírez*, 201 DPR 1026, 1034 (2019).
[18] Véase los Artículos 547-554 del Código Civil, 31 LPRA § 7041-7048, así como las disposiciones relacionadas a la comunidad de bienes en los Artículos 835-859, 31 LPRA § 8191-8232.
[19] *Id.*, Artículo 850, 31 LPRA § 8223; *Montalván v. Rodríguez*, 161 DPR 411, 422 (2004).
[20] *Soto López v. Colón*, 143 DPR 282, 291-292 (1997).
[21] *Díaz v. Aguayo*, 162 DPR 801, 811 y 814 (2004).
[22] *Molina González v. Álvarez Gerena*, 203 DPR 442, 457 (2019).

**B. <u>Apreciación de la prueba</u>**

Como regla general, los foros apelativos no deben intervenir con las determinaciones de hechos que hace un tribunal de primera instancia y tampoco deben sustituir su criterio por el del juzgador[23]. La razón jurídica de esta normativa es dar deferencia a un proceso que ha ocurrido, principalmente, ante los ojos del juzgador de instancia. Ese es el juzgador que observa y percibe el comportamiento de los testigos al momento de declarar y, basándose en ello, adjudica la credibilidad que le merecen sus testimonios[24].

A tenor de lo anterior, se le concede respeto a la adjudicación de credibilidad que realiza el juzgador primario de los hechos, dado que el foro apelativo cuenta solamente con récords mudos e inexpresivos[25].

De ordinario, el pronunciamiento del Tribunal de Primera Instancia se sostendrá en toda su extensión por el tribunal apelativo en ausencia de prejuicio, parcialidad, error manifiesto o abuso de discreción[26]. Es decir, se podrá intervenir con la apreciación de la prueba cuando, de un examen detenido de la misma, el foro revisor se convenza de que el juzgador descartó injustificadamente elementos probatorios importantes o que fundamentó su criterio únicamente en testimonios de escaso valor o inherentemente improbables[27]. Sólo ante la presencia de estos elementos o cuando la apreciación de la prueba no concuerde con la realidad fáctica o esta sea inherentemente imposible o increíble, es que un foro

---

[23] *Rivera Menéndez v. Action Services*, 185 DPR 431, 448 (2012).
[24] *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 357 (2009).
[25] *Trinidad v. Chade*, 153 DPR 280, 191 (2001).
[26] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 709 (2012).
[27] *C. Brewer P.R. v. Rodríguez*, 100 DPR 826, 830 (1972).

apelativo debe intervenir con la apreciación efectuada por el foro sentenciador[28].

Sin embargo, la norma de abstención y deferencia judicial no aplica en cuanto a la evaluación de prueba pericial y documental. La prueba documental es susceptible de una evaluación independiente por parte de este Tribunal. Igual deferencia observamos cuando se impone la necesidad de hacer un balance entre la prueba testifical y la documental[29]. Así, a la hora de apreciar evidencia documental los foros apelativos estamos en la misma posición que el foro recurrido[30].

## C. **Autenticación e Identificación**

Las Reglas de Evidencia tienen el propósito de garantizar una solución justa, rápida y económica mediante el descubrimiento de la verdad en los procedimientos judiciales. En lo concerniente a la autenticación e identificación, las regla 901 establece los requisitos que se tomarán en consideración. A tales efectos, y en lo concerniente a la controversia ante nos, la referida Regla lee como sigue:

(A)    El requisito de autenticación o identificación como una condición previa a la admisibilidad se satisface con la presentación de evidencia suficiente para sostener una determinación de que la materia en cuestión es lo que la persona proponente sostiene.

(B)    De conformidad con los requisitos del inciso (A) de esta Regla y sin que se interprete como una limitación, son ejemplos de autenticación o identificación los siguientes:

(1)    Testimonio por testigo con conocimiento Testimonio de que una cosa es lo que se alega[31].

---

[28] *Pueblo v. Acevedo Estrada*, 150 DPR 84 (2000).
[29] *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 777 (2007).
[30] *González Hernández v. González Hernández,* 181 DPR 746, 777 (2011).
[31] 32 LPRA Ap. VI, R. 901.

-III-

El Sr. Hernández alega que el foro sentenciador erró al declarar con lugar la admisibilidad de la prueba documental, a pesar de la objeción presentada. Además, señaló que erró el foro de instancia al establecer como determinaciones de hechos el contenido de la prueba documental objetada. Luego de evaluar el expediente de epígrafe nos encontramos en posición de resolver.

Según se desprende de la transcripción del juicio, las partes son dueñas en común pro indiviso de una propiedad inmueble ubicada en La Parguera, múltiples vehículos y varias cuentas de banco. Con relación al documento de tasación de la propiedad inmueble, el Apelante presentó objeción argumentando que el documento no fue estipulado, por lo cual constituye prueba de referencia. Sobre dicha objeción, el foro recurrido resolvió que "*la parte demandante* [aquí apelada] *logró satisfacer de las exigencias de autenticación mediante el testimonio…*"[32] Luego de evaluar el documento en controversia, concluimos que la Sra. Rivera cumplió con los requisitos de autenticación que dispone la Regla 901 de evidencia, particularmente el testimonio por testigo de conocimiento.

Ahora bien, pasemos a evaluar la admisibilidad de la prueba sobre los bienes muebles, particularmente, los vehículos. Según surge de los autos del caso, la evidencia en la que se basó el foro de instancia para admitir la prueba fue únicamente el costo de los vehículos al momento de la compra[33]. Por tratarse de bienes que deprecian con el paso del tiempo, la cantidad

---

[32] Véase Transcripción del juicio en su fondo celebrado el 9 de enero de 2025, pág. 38, líneas 1-13.
[33] *Íd.*, págs. 81-109.

pagada por la Sociedad Legal de Gananciales al momento de la compra de los vehículos no se puede tomar como base para adjudicarle un crédito a la Sra. Rivera. Para ello, el foro de instancia debe celebrar una vista en la que consideren todos los elementos necesarios como lo son los años de uso del vehículo, el estado en el que se encuentra, el millaje y otros aspectos esenciales que inciden en el valor de estos bienes muebles.

-IV-

Por los fundamentos que anteceden se ***devuelve*** el caso al foro de instancia para la celebración de una vista evidenciaria en la que se determine el valor de los bienes muebles, particularmente, los vehículos en controversia. Ahora bien, ***confirmamos*** la Sentencia en lo concerniente a la tasación de la propiedad inmueble ubicada en La Parguera, las rentas pagaderas a la Sra. Rivera por el uso de dicha propiedad y los honorarios de abogado por concepto de temeridad.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones