ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EDWIN FLORES NERIS<br><br>APELANTE<br><br>V.<br><br>ELENA RAMOS VÉLEZ<br><br>APELADA | TA2025AP00272 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Superior de San Lorenzo<br><br>Caso Número: CG2019RF00047<br><br>Sobre: Alimentos Excónyuges |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 26 de noviembre de 2025.

Comparece el Sr. Edwin Flores Neris (en adelante, Sr. Flores o apelante) y solicita que revoquemos la *Sentencia Enmendada Nunc Pro Tunc* que emitió el Tribunal de Primera Instancia, Sala Superior de San Lorenzo (en adelante, TPI o foro primario). Mediante dicho dictamen el TPI le impuso el pago de una pensión alimentaria de excónyuge a favor de la Sra. Elena Ramos Vélez (en adelante, Sra. Ramos o apelada), con un pago retroactivo desde la fecha en que se interpuso la demanda hasta que se emitió la Sentencia apelada.

**I.**

El 6 de agosto de 2019, la Sra. Ramos presentó una *Demanda* contra su exesposo, el Sr. Flores reclamando una pensión excónyuge a su favor.[1] En su escrito, la Sra. Ramos alegó que, tras la disolución del vínculo matrimonial existente entre ambos, ella había quedado en estado de necesidad y que no tenía los medios propios para sostenerse debido a que durante los años de

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

matrimonio se había dedicado al hogar y cuidado de su familia. Sostuvo que el apelante, quien había sido el principal sostén económico de la familia, contaba con los medios suficientes para proveerle una pensión de excónyuge conforme lo dispone el ordenamiento jurídico en Puerto Rico.

El Sr. Flores presentó su *Contestación a Demanda* en la cual admitió parcialmente algunas de las alegaciones de la demanda, pero negó que la apelada estuviese en estado de necesidad o que él contara con capacidad económica para asumir una pensión.[2]

Tras varios incidentes procesales, el TPI celebró las vistas evidenciarias los días 4 y 22 de enero y 5 de febrero de 2021. El caso quedó sometido para adjudicación el 11 de marzo de 2021. No obstante, desde esa fecha hasta que el TPI volvió a emitir alguna determinación transcurrieron cerca de tres años sin actividad procesal.[3] Durante ese tiempo, se presentaron varias mociones conjuntas suscritas por la representación legal de la parte apelada, compareciendo a nombre de ambas partes, para solicitar que el tribunal emitiera su dictamen lo antes posible.[4] En ninguna de dichas mociones se solicitó la celebración de nuevas vistas ni se alegaron cambios en las circunstancias de alguna de las partes.

Luego de evaluar la prueba testifical y documental, el TPI notificó la *Sentencia* el 17 de octubre 2024. Mediante dicho dictamen, acogió la *Demanda* y fijó una pensión alimentaria por la suma de $150.00 mensuales a favor de la Sra. Ramos, pagaderos desde el 7 de agosto de 2019 hasta el 31 de diciembre de 2024, fecha

---

[2] Entrada 11 del SUMAC del TPI.
[3] Las vistas evidenciarias se celebraron ante el Hon. Benicio G. Sánchez La Costa, quien escuchó la prueba testifical y documental de ambas partes y dejó el caso sometido para adjudicación. Sin embargo, debido a que este se acogió a retiro antes de emitir el dictamen, el caso fue reasignado a la Hon. Luz Idalia Cruz Rodríguez, quien, según surge del Expediente, tuvo que escuchar las grabaciones de las vistas y requerir a las partes que sometieran nuevamente la prueba documental presentada por las partes.
[4] Véase Entradas 28, 29, 30 y 34 del SUMAC del TPI.

en la cual la Sra. Ramos habría cumplido la edad necesaria para poder recibir los beneficios del Seguro Social Federal.[5] Asimismo, impuso un pago retroactivo por la cantidad de $9,720.96, correspondiente al periodo transcurrido desde la radicación de la *Demanda* hasta la fecha de la *Sentencia.*

Inconforme con dicha determinación, el 1 de noviembre de 2024, el Sr. Flores presentó una *Moción de Reconsideración y de Determinaciones de Hecho y Derecho Adicionales*, alegando que la *Sentencia* adolecía de errores manifiestos de hecho y de derecho, que el TPI no había considerado la totalidad de la prueba documental admitida y que su situación económica había cambiado significativamente tras los más de tres años transcurridos desde la celebración de las vistas en 2021.[6] Sostuvo que la pensión fijada era excesiva e incongruente con la evidencia de sus ingresos y obligaciones financieras.

Por su parte, el 17 de febrero de 2025, la parte apelada presentó su oposición a la moción presentada por el apelante.[7] En dicho escrito, la Sra. Ramos solicitó la denegatoria de plano de la reconsideración, alegando que los fundamentos esbozados por el apelante no satisfacían los criterios de las Reglas 43 y 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 43 y R. 47, ya que la moción se limitaba a reiterar su teoría del caso y no planteaba cuestiones sustanciales que ameritaran modificación del dictamen.

A esos efectos, el 23 de julio de 2025, el TPI emitió una *Sentencia Enmendada Nunc Pro Tunc,* cuyo único propósito fue añadir la relación completa de la prueba documental presentada durante el juicio, sin modificar la determinación original sobre la procedencia ni la cuantía de la pensión alimentaria.[8] El foro

---

[5] Entrada 41 del SUMAC del TPI.
[6] Entrada 42 del SUMAC del TPI.
[7] Entrada 46 del SUMAC del TPI.
[8] Entrada 48 del SUMAC del TPI.

primario reafirmó sus determinaciones de hecho y de derecho, concluyendo que la prueba testifical y documental demostraba la necesidad económica de la Sra. Ramos y la capacidad económica, aunque limitada, del Sr. Flores.

Aún inconforme con el dictamen emitido, el 21 de agosto de 2025, el apelante presentó el recurso de *Apelación* que nos ocupa, en el que señaló la comisión de los siguientes errores:

**A. ERRÓ EL TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN Y DE DETERMINACIÓN DE HECHO Y DE DERECHO ADICIONALES**

**B. ERRÓ EL TRIBUNAL DE INSTANCIA AL FIJAR UNA PENSIÓN EXC[Ó]NYUGE SIN TOMAR EN CONSIDERACIÓN TODA LA PRUEBA DOCUMENTAL SOMETIDA**

**C. ERRÓ EL TRIBUNAL DE INSTANCIA AL FIJAR UNA PENSIÓN EXC[Ó]NYUGE A PESAR DE QUE LA PRUEBA DESFILADA DEMOSTRÓ QUE EL APELANTE NO TIENE CAPACIDAD ECONÓMICA PARA PROVEER UNA PENSIÓN DE EX[CÓ]NYUGE**

**D. ERRÓ EL TRIBUNAL DE INSTANCIA AL NEGARSE A TOMAR EN CONSIDERACI[Ó]N QUE LA SITUACI[Ó]N ECON[Ó]MICA DEL APELANTE HAB[Í]A CAMBIADO SIGNIFICATIVAMENTE**

**E. ERRÓ Y ABUS[Ó] DE SU DISCRECIÓN EL TRIBUNAL DE INSTANCIA AL DICTAR SENTENCIA ENMENDADA FINAL LUEGO DE TRANSCURRIDO MÁS DE TRES AÑOS PROVOCANDO UN EXCESO EN LA CANTIDAD RETROACTIVA**

Por su parte, el 22 de septiembre de 2025, la Sra. Ramos presentó el *Alegato de la Parte Apelada* en el que sostuvo que el TPI no cometió los errores alegados por el apelante y que procedía confirmar la *Sentencia* apelada.

El 23 de septiembre de 2025 emitimos *Resolución* en la que le concedimos un término de treinta (30) días a la parte apelante para que presentara la transcripción o regrabación de las vistas celebradas ante el TPI, con el apercibimiento de que transcurrido dicho término sin haberse presentado lo solicitado se entendería

renunciado el planteamiento de error sobre apreciación de prueba.[9] Así las cosas, vencido el término sin que la parte cumpliese con lo requerido en la *Resolución* del 23 de septiembre, damos por perfeccionado el recurso y procedemos a resolver.

## II.

### A. Apreciación de la prueba

Es norma conocida que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, los tribunales apelativos no deben intervenir para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el foro primario. Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2*; Peña Rivera v. Pacheco Caraballo,* 213 DPR 1009, 1024 (2024); *Ortíz Ortíz v. Medtronic,* 209 DPR 759, 778 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021). El Tribunal Supremo ha sido enfático en que la tarea de adjudicar credibilidad y establecer los hechos probados de un caso va a depender del grado de interacción que tenga el juez o la jueza con la prueba presentada, lo que regularmente le corresponde al foro primario. *Peña Rivera v. Pacheco Caraballo, supra*, pág. 1024; *Ortíz Ortíz v. Medtronic, supra,* pág. 778; *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Por ello, la llamada deferencia judicial está predicada en que los jueces del TPI "están en mejor posición para aquilatar la prueba testifical porque tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo". *Peña Rivera v. Pacheco Caraballo, supra,* pág. 1025, citando a *Ortíz Ortíz v. Medtronic, supra,* pág. 779.

Incurre en pasión, prejuicio o parcialidad el juez "que actúe movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba

---

[9] Entrada 4 del SUMAC del TA.

recibida en sala e incluso antes de que someta prueba alguna". *Ortíz Ortíz v. Medtronic, supra,* pág. 779*, citando a *Dávila Nieves v. Meléndez Marín, supra*, pág. 782. En cuanto al error manifiesto, este ocurre cuando el foro revisor está convencido de que se cometió un error "porque existe un conflicto entre las conclusiones y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida". *Méndez v. Morales*, 142 DPR 26, 36 (1996).

De manera que, la norma general es que, si la actuación del TPI no está desprovista de una base razonable y no perjudica los derechos sustanciales de las partes, debe prevalecer su criterio dado que es a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

### B. La pensión de excónyuge

Las pensiones alimentarias de excónyuges, al igual que la pensión alimentaria de los hijos menores de edad, constituyen un asunto de alto interés público, ya que surgen del derecho fundamental de toda persona a vivir y desarrollar plenamente su personalidad. *Correa Márquez v. Julia Rodríguez,* 198 DPR 315, 326 (2017); *Cortés Pagán v. González Colón*, 184 DPR 807, 814 (2012); *González v. Suárez Milán*, 131 DPR 296, 301 (1992). Por lo anterior, nuestro Tribunal Supremo ha resuelto que, "cuando un divorcio coloca en estado de necesidad económica a uno de los excónyuges, quien primero responde por esa necesidad, luego de la comunidad de bienes, es el otro excónyuge." *Correa Márquez v. Julia Rodríguez, supra.* En consecuencia, la obligación alimentaria entre excónyuges tiene su raíz en el deber jurídico de brindarse mutuo auxilio cuando uno de ellos carece de recursos suficientes para vivir. *Soto López v. Colón*, 143 DPR 282, 288 (1997).

En atención a ello, nuestro ordenamiento jurídico regula expresamente la pensión alimentaria entre excónyuges. Este deber,

anteriormente consagrado en el Artículo 109 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 385, continúa vigente en el Artículo 466 del actual Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 6813.

Dispone el Artículo 466, *supra,* que:

> El tribunal puede asignar al excónyuge que no cuenta con medios suficientes para vivir una pensión alimentaria que provenga de los ingresos o de los bienes del otro excónyuge, por un plazo determinado o hasta que el alimentista pueda valerse por sí mismo o adquiera medios adecuados y suficientes para su propio sustento.
>
> Para fijar la cuantía de la pensión alimentaria, **el tribunal puede considerar, entre otros factores** pertinentes, las siguientes circunstancias respecto a ambos excónyuges:
>> (a) los acuerdos que hayan adoptado sobre el particular;
>> **(b) la edad y el estado de salud física y mental;**
>> **(c) la preparación académica, vocacional o profesional y las probabilidades de acceso a un empleo;**
>> (d) las responsabilidades que conservan sobre el cuido de otros miembros de la familia;
>> (e) la colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge;
>> **(f) la duración del matrimonio y de la convivencia conyugal;**
>> **(g) el caudal y medios económicos y las necesidades de cada cónyuge; y**
>> (h) cualquier otro factor que considere apropiado según las circunstancias del caso.
>
> **La resolución del tribunal debe establecer el modo de pago y el plazo de vigencia de la pensión alimentaria.** Si no se establece un plazo determinado, la pensión estará vigente mientras no se revoque por el tribunal, a menos que se extinga por las causas que admite este Código. 31 LPRA sec. 6813. (Énfasis nuestro).

De esta forma, **el derecho a solicitar alimentos** tras el divorcio **depende de que concurran los criterios de necesidad del cónyuge reclamante y de suficiencia económica del excónyuge contra quien se reclama.** *Correa Márquez v. Julia Rodríguez, supra*; *Morales v. Jaime*, 166 DPR 282, 311 (2005); *Cantellops v. Cautiño Bird*, 146 DPR 791, 806 (1998). (Énfasis nuestro). Sin embargo, tal necesidad debe surgir a consecuencia directa de la ruptura

matrimonial. *Morales v. Jaime, supra,* pág. 301. Por ello, "sólo se requiere presentar cualquier prueba pertinente tendente a establecer que no se cuenta con dichos medios suficientes para vivir y no necesariamente que se es anciano, incapacitado o incapaz de trabajar". *Morales v. Jaime, supra,* págs. 311-312. Así, una vez acreditados la necesidad, la capacidad económica y que la carencia económica de quien solicita haya surgido como consecuencia del divorcio, procede la concesión de la pensión. *Correa Márquez v. Julia Rodríguez, supra.*

Ahora bien, dado que las circunstancias económicas y personales pueden variar con el tiempo, los dictámenes relacionados con pensiones no prescriben siempre que mantengan conexión causal con el divorcio. *Suria v. Fernández Negrón,* 101 DPR 316, 320 (1981). De igual forma, las pensiones alimentarias entre excónyuges pueden ser modificadas cuando cambien la necesidad del alimentista o la capacidad económica del alimentante. *Correa Márquez v. Julia Rodríguez, supra,* pág. 327. En armonía con ello, nuestro ordenamiento jurídico permite revisar, y, de ser necesario, modificar, la pensión cuando surja un cambio sustancial en las circunstancias económicas del alimentante. *Cortés Pagán v. González Colón, supra,* págs. 814-815. A esos efectos, el Artículo 467 del Código Civil de Puerto Rico, 31 LPRA sec. 6814, establece que, a petición de parte, el tribunal podrá modificar o revocar la pensión alimentaria antes de su vencimiento, cuando surjan cambios significativos o extraordinarios en la situación personal o económica de cualquiera de los excónyuges.

De esta forma, corresponde al Tribunal de Primera Instancia ejercer su discreción para adjudicar la pensión solicitada, evaluando la necesidad del excónyuge reclamante y la capacidad del otro para asumir la obligación. *Morales v. Jaime, supra,* pág. 311. Asimismo,

debido a la naturaleza cambiante de estas circunstancias, los tribunales conservan jurisdicción continua sobre el asunto, por lo que las controversias en torno a pensiones de excónyuges no producen cosa juzgada y permanecen sujetas a modificación. *Cortés Pagán v. González Colón, supra.*

### III.

En el caso ante nuestra consideración el apelante plantea varios señalamientos de error, algunos relacionados con la apreciación de la prueba. No obstante, antes de proceder con la discusión, es necesario destacar que el apelante no cumplió con lo ordenado por este Tribunal el pasado 23 de septiembre de 2025, requiriendo la presentación de la regrabación o transcripción de las vistas celebradas ante el foro primario. Al incumplir con dicha orden, el apelante no colocó al tribunal en posición para poder atender los señalamientos de error relacionados con la apreciación de la prueba testifical, que no obra en el expediente de SUMAC, y, por tanto, se dan por renunciados los señalamientos de error relacionados.

Ahora bien, examinado el expediente, concluimos que el TPI aplicó correctamente la normativa contenida en el Artículo 466 del Código Civil, 31 LPRA sec. 6813, antes el Artículo 109 del Código Civil de 1930, al decretar una pensión de excónyuge a favor de la parte apelada. La determinación del foro primario refleja que se evaluó la totalidad de la prueba sometida en las vistas celebradas los días 4 y 22 de enero y 5 de febrero de 2021. En base a esa evidencia, el TPI creyó la alegación de la Sra. Ramos de que tras la disolución del matrimonio quedó en estado de necesidad y determinó que carece de medios suficientes para sostenerse. Asimismo, concluyó que el Sr. Flores, aunque con recursos

limitados, cuenta con capacidad económica para contribuir a dicho sustento. A la luz de ello, procede confirmar la *Sentencia* en cuanto a la procedencia y cuantía de la pensión decretada, así como la retroactividad fijada por el tribunal.

Por otro lado, el apelante argumenta que su situación económica ha cambiado significativamente desde que se celebraron las vistas en 2021, por lo que entiende que el TPI erró al no considerar estos cambios. No obstante, debemos concluir que el foro primario no cometió el error señalado. Conforme la normativa antes esbozada, los cambios económicos significativos que surjan con posterioridad a que el tribunal determine la imposición de la pensión sí pueden ser considerados para efectos de modificar o revocarla, pero estos de por sí no invalidan la obligación impuesta por el tribunal. En este caso, la prueba presentada y evaluada al momento de emitir el dictamen justificaban la decisión del conceder la pensión excónyuge.

No obstante, es innegable que desde la celebración de las vistas en 2021 ha transcurrido un periodo de tiempo en el que la situación económica del apelante pudo haber variado de forma significativa. Aunque tales cambios no pueden utilizarse para alterar la validez del dictamen apelado —que se basa en la evidencia presentada en juicio— sí resultan relevantes para revisar la viabilidad de su cumplimiento, particularmente en lo relativo al pago de la cantidad retroactiva.

Conforme al Artículo 467 del Código Civil, 31 LPRA sec. 6814, el tribunal puede evaluar cambios significativos o extraordinarios en la situación económica del alimentante para ajustar el modo de cumplimiento sin modificar la obligación ya adjudicada. Por ello, devolvemos el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaria dirigida a evaluar la capacidad

económica actual del apelante y fijar un plan de pago razonable que garantice el cumplimiento efectivo de la obligación alimentaria.

**IV.**

Por los fundamentos antes expuestos se confirma la *Sentencia* apelada y se devuelve el caso al foro primario para que proceda conforme a lo aquí resuelto.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones